IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Cynthia Knight Bell, | ) | C/A No.: 4:10-419-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Cynthia Knight Bell, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this

it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB in January of 2006, alleging disability since September 1, 2004 due to coronary artery disease, chronic heart failure, strokes, diabetes, arthritis of the left shoulder, and obesity. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on April 10, 2009. The ALJ thereafter denied plaintiff's claims in a decision issued May 15, 2009. The Appeals Council received as additional evidence a letter opinion from Dr. Samuel Pendergrass (Plaintiff's family physician) dated August 6, 2009, but denied the plaintiff's request for review. The ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court.

The claimant was 49 years old on the date of the hearing. She has a GED degree. Her past work experience includes employment as a garment inspector, sewing machine operator, bobbin inspector, and cloth folder. In her objections, Plaintiff asserts that the Commissioner failed to give proper weight to the opinions by the plaintiff's treating physician, Dr. Pendergrass, and failed to make a proper credibility determination. She also contends that the Magistrate Judge erred in finding that the evidence submitted to the Appeals Council was not new and material evidence.

Under the Social Security Act, the plaintiff's eligibility for the benefits she is seeking hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as

the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id.* at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id.* at § 404.1561; (2) age, *id.* at § 404.1563; (3) education, *id.* at § 404.1564; (4) work experience, *id.* at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or

equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

The ALJ made the following findings in this case:

1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2007.
2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of September 1, 2004, through her date last insured of March 31, 2007. (20 CFR 404.1571 *et. seq.*).
3. The claimant has the following severe combination of impairments: coronary artery disease status post coronary artery bypass x 5; chronic heart failure; status post multiple strokes; type 2 diabetes; arthritis of the left shoulder; and obesity (20 CFR 404.1520 (c)).
4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).
5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c). I specifically find that the claimant had the medium work capacity of lifting fifty pounds occasionally and twenty-five pounds frequently and standing, sitting, and walking six hours out of an eight-hour workday. She could never climb ladders, ropes, or scaffolds, could occasionally climb ramps and stairs, and could frequently balance, stoop, kneel, crouch, and crawl. She was limited to frequent overhead lifting on the left. She required avoidance of concentrated exposure to extreme cold and heat.
6. Through the date last insured, the claimant was capable of performing past relevant work as a garment inspector, sewing machine operator, bobbin inspector, and cloth folder. This work did not require the performance of work-related capacity (20 CFR 404.1565).
7. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 1, 2004, the alleged onset date, through March 31, 2007, the date last

>insured (20 CFR 404.1520(f)).

(Tr. 14-22).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On August 3, 2011, Magistrate Judge Thomas E. Rogers, III, filed a report and recommendation ("R&R") suggesting that the action should be affirmed. The plaintiff timely filed objections to the R&R on September 1, 2011. The plaintiff filed a Reply on September 14, 2011.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005).

In her objections to the R&R, the plaintiff asserts that the magistrate judge erred in finding that the ALJ properly considered Dr. Pendergrass' opinion. She further asserts that the Magistrate erred in finding the ALJ properly evaluated her credibility. Finally, she asserts that the Magistrate Judge erred in finding that the evidence submitted to the Appeals Council was not new and

material.

**Treating Physician**

On August 1, 1991, the Social Security Administration promulgated a regulation entitled "Evaluating medical opinions about your impairment(s) or disability." 20 C.F.R. § 404.1527. Under section 404.1527, the opinion of a treating physician is generally entitled to more weight than the opinion of a non-treating physician. It is only given controlling weight, however, if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). Under section 404.1527, if an ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying five factors identified in the regulation: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. § 404.1527(d)(2)(i-ii) and (d)(3)-(5).

In this case, Plaintiff argues that the ALJ failed to properly consider the opinion of Dr. Pendergrass, a physician who treated her on a regular basis for over five years. On April 8, 2009, Dr. Pendergrass completed a form, "Medical Opinion Re: Ability to Do Work-Related Activities" and indicated that the plaintiff could lift and carry 10 pounds occasionally, less than 10 pounds frequently, stand and walk less than 2 hours in an eight-hour day, sit about four hours in an eight-hour day, and must periodically alternate sitting, standing, and walking as follows: sit for 20 minutes, stand for 10 minutes, and walk every 30 minutes for 10 minutes. He found that she must be

able to shift at will between sitting and standing/walking. He further found that she needed to lie down every 2-4 hours during the work day. The above findings were based on her CHR, diabetes, arthritis, respiratory problems, HTW, and obesity. He also found that she could twist, stoop, and climb stairs occasionally and never crouch or climb ladders. He found that she would need to miss work more than 3 times per month. (Tr. 454-456).   The ALJ discusses the medical evidence in detail and explains his reasons for discounting the opinion of Dr. Pendergrass:

> I did not adopt the opinions of Dr. Pendergrass limiting the claimant to a sedentary work capacity, with broad restrictions including a sit-stand option and frequent workplace absences. (Exhibit 17F).  Not only is this assessment not in accord with the claimant's broad daily activities, it is not in accord with Dr. Pendergrass' own treatment records. His records showed an increasing stabilization of the claimant's symptoms. (Exhibit 13F, 14F). As noted above, the claimant's depressive symptoms stabilized once on Celexa. Dr. Pendergrass apparently was not concerned enough about the claimant's mental state to send the claimant for specialized psychological treatment.  The treatment records at Exhibit 13F document symptom stability of the claimant's heart disease and arthritis.  I find Dr. Pendergrass to be overly sympathetic to the claimant.  While I recognize a longitudinal and regular treatment relationship with the claimant, this treatment relationship does not support Dr. Pendergrass' opinions. (Tr. 21).

Plaintiff objects to the Magistrate Judge's recommended finding that the ALJ reasonably discounted Dr. Pendergrass' opinion[1], and asserts that the Commissioner has the burden of rebutting a prima facie case (Docket Entry # 27, pp.5-6). However, the claimant has the burden of proving her residual functional capacity. *See* 68 Fed.Reg. 51153, 51154 (Aug. 26, 2003) (comments to final rule) (noting that a claimant has the burden of proving her residual functional capacity); *See also, Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001) ("It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's RFC."). Additionally, an ALJ is

---

[1] The plaintiff does not contend in her objections that the ALJ did not sufficiently explain the weight given to Dr. Pendergrass' opinion or apply the applicable factors.

not required to give controlling weight to a treating medical source's opinion unless it is well-supported and not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(d)(2) ("If we find that a treating source's opinion . . . is well supported . . . and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."); *Mastro v. Apfel,* 270 F.3d 171,178 (4th Cir. 2001)(recognizing that, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight). As argued by the Commissioner, the ALJ in this case reasonably discounted Dr. Pendergrass' opinion because it was inconsistent with his treatment notes taken as a whole, and with evidence of Plaintiff's activities.

The Magistrate Judge in his Report quoted the ALJ as stating that, "even with a non-compliant diet, the claimant's diabetes has been stable enough to remain non-insulin dependent" R &R, p. 9 (quoting Tr. 19)). Plaintiff now argues that the ALJ denied benefits under 20 C.F.R. § 404.1530 and Social Security Ruling (SSR) 82-59, for failure to follow prescribed treatment (Objections, pp.11-12). However, Plaintiff's objections do not accurately reflect the ALJ's decision or the Magistrate Judge's Report and Recommendation. The SSR and regulation cited by Plaintiff provide that an otherwise disabled claimant's failure to follow prescribed treatment that could be expected to restore her ability to work will automatically result in a finding that she is not disabled. *See* SSR 82-59; *see also Gordon v. Schweiker,* 725 F.2d 231, 237 (4th Cir. 1984) ("The Secretary's regulations provide that a person should not be deemed to have achieved disabled status if he has refused to follow prescribed treatment or to cure or ameliorate the defect without a good reason.")(citing 20 C.F.R. § 404.1530(b)). The ALJ in the instant case did not apply section 404.1530 or find that Plaintiff's failure to follow prescribed treatment automatically resulted in a

finding that she was not disabled. Instead, the ALJ observed that, even though Plaintiff was not fully compliant with Dr. Pendergrass' instructions, Plaintiff's diabetes was stable enough to remain non-insulin dependent (Tr. 19). The ALJ further noted that, despite his opinions regarding extreme limitations in functioning, Dr. Pendergrass acknowledged that Plaintiff's diabetes was "improved or stable on multiple occasions" (Tr. 19).

The inconsistencies between Dr. Pendergrass' treatment notes and his opinion provided a valid basis for discounting his opinion. *See* 20 C.F.R.§ 404.1527(d)(3) (supportability); *Craig v. Chater,* 76 F.3d 585, 590 (4th Cir. 1996) (finding an ALJ reasonably rejected a treating physician's opinion where the opinion was not supported by the physician's own treatment notes). Essentially, Plaintiff is asking the Court to re-weigh the evidence and to substitute its judgment for that of the ALJ. However, "'[t]he [Commissioner], and not the courts, is charged with resolving conflicts in the evidence, and it is immaterial that the evidence before him will permit a conclusion inconsistent with his.'" *See Shively v. Heckler,* 739 F.2d 987, 990 (4th Cir. 1984) (quoting *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964)). The ALJ reasonably interpreted the evidence and identified valid bases for discounting Dr. Pendergrass' opinion. *See Mastro*, 270 F.3d at 179 ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the ALJ).", citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)).

**Credibility**

Plaintiff contends that the Magistrate Judge "failed to address the factual discrepancies between the ALJ's discussion of Bell's testimony and the actual facts." (Objections, p. 17). She asserts that the Magistrate Judge failed to acknowledge the government's alleged concession that

the ALJ erroneously found inconsistencies between Bell's testimony and the reasons that she stopped working. Additionally, she contends that the ALJ erroneously found that the medical evidence did not support her claims.

The ALJ found that the plaintiff was not credible regarding her allegedly disabling symptoms because she was working in March of 2005 (after her alleged onset date) and that she stopped working at this job due to the fact her employer laid her off and not because of her alleged disability. He also refers to testimony by the plaintiff that "she stopped working at whatever subsequent job she was doing in November 2005 after her heart surgery." (Tr. 18). The government apparently concedes that the evidence does not support a finding that the plaintiff worked after March of 2005. (*See* Docket Entry # 15 (Defendant's Memorandum), note 6, p.15, and Docket Entry # 32 (Defendant's Reply), p. 4). However any error here by the ALJ is harmless[2] because the ALJ identified other valid reasons for discounting the plaintiff's statements regarding her symptoms. In addition to the fact that she worked after her alleged onset date and discontinued her employment at that job because she was laid off, substantial evidence supports the ALJ's finding that the plaintiff engaged in a wide variety of activities including caring for five grandchildren despite her alleged disability. There was also evidence that she failed to follow prescribed treatment and evidence that her alleged symptoms had responded to treatment. Finally, there were inconsistencies between her alleged symptoms and the medical records.

The substantial evidence supports the findings by the ALJ regarding credibility.

**Evidence Submitted to Appeals Council**

---

[2] An ALJ's error is harmless where he would have reached the same result notwithstanding an initial error in his analysis. *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994).

The plaintiff contends that the letter from Dr. Pendergrass dated August 6, 2009 which was submitted to the Appeals Council was new and material evidence which provided a basis for a finding of disability.

The Appeals Council must consider additional evidence if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Secretary, Dep't of Health and Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991). "Evidence is new within the meaning of this section if it is not duplicative or cumulative," and "[e]vidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins*, 953 F.2d at 95-96. The Magistrate Judge examined the letter at pages 19-20 of the Report and found that it was not new evidence but is "duplicative or cumulative to the evidence already in the record." (Docket Entry # 20, p. 20). The Court agrees with the Magistrate's analysis on this point. Additionally, even if the evidence was considered to be new, it would still not be material in that there is not a reasonable possibility that the new evidence would have changed the outcome.[3] Plaintiff cites notations in the medical records regarding edema, many of which post-date Plaintiff's March 31, 2007 date last insured. Substantial evidence supports the ALJ's finding that, prior to the plaintiff's March 31, 2007 date last insured, edema was documented on only an occasional basis. The findings by the Commissioner are supported by the substantial evidence of record.

## Conclusion

For the foregoing reasons, all objections are overruled and the report and recommendation

---

[3] The Fourth Circuit has recognized that medical source opinions prepared after an ALJ decision are less persuasive than opinions issued prior to the ALJ decision. *Wagner v. Apfel*, 201 F.3d 439 (Table), 1999 WL 1037573, at *3 (4th Cir. 1999)(unpublished), citing *Macri v. Chater*, 93 F.3d 540 (9th Cir. 1996).

of the magistrate judge is incorporated herein by reference. The Commissioner's decision is affirmed.

    **IT IS SO ORDERED**.

                                              s/R. Bryan Harwell  
                                              R. Bryan Harwell  
                                              United States District Judge

September 26, 2011  
Florence, South Carolina